# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOUSEN YISAK ADEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 23-0977 (UNA) |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1. The Court will grant the application and dismiss the complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court must dismiss a case "at any time" if it determines that the action is frivolous.

According to plaintiff, "someone in U.S. Customs and Immigration Service withheld [his] deportation," Compl. at 5 (page numbers designated by CM/ECF), and in addition to his "immediate deportation," plaintiff demands "Recognition as the Prince:King of the principality of Gelib, Somalia," *id.*, as well as "Head of State immunity," *id.* at 10.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). On review of the complaint, the Court concludes that its factual allegations are incoherent, irrational and wholly incredible, rendering the complaint subject to dismissal as frivolous, *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the

facts alleged rise to the level of the irrational or the wholly incredible[.]"), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality").

    A separate order will issue.

DATE: April 12, 2023

/s/
TANYA S. CHUTKAN
United States District Judge